# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-246V
(Not to be published)

```
*************************
                              *
PATRICIA WANSAW, mother of    *
SAVANNA SCHLAUCH,             *
                              *       Filed: April 22, 2014
              Petitioner,     *
                              *       Failure to Prosecute; Failure to
        v.                    *       Follow Court Orders; Dismissal for
                              *       Insufficient Proof of Causation;
SECRETARY OF HEALTH           *       Denial Without Hearing
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
                              *
*************************
```

Patricia Wansaw, *Pro se* Petitioner.

Linda Renzi, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On April 6, 2010, Petitioner Patricia Wansaw filed a petition for compensation in the National Vaccine Injury Compensation Program[2] on behalf of her minor daughter Savanna

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Schlauch. Petitioner's amended petition,[3] filed May 3, 2012, alleged that the diphtheria, tetanus, and acellular pertussis (DTaP) and Polio vaccines Savanna received on May 2, 2007 caused her to suffer from a fever and an infection and inflammation which in turn caused multiple injuries including kidney problems and hypothyroidism.

Over two years ago, and almost two years after the petition was originally filed, on January 25, 2012 the special master previously responsible for this case issued a show cause order because Petitioner had failed to provide sufficient proof in support of her claim. After Petitioner filed her May 3rd amended petition, the special master ordered Ms. Wansaw on May 14, 2012 to obtain and file a report from a medical expert explaining how Savanna's injuries were vaccine-caused and offering a theory of causation.

It has been almost two years since that order was issued. Petitioner has still not filed an expert report. On October 23, 2013, the special master again ordered Petitioner to file an expert report, warning her that her failure to do so would be interpreted as a failure to prosecute her claim and that she would risk dismissal of her petition. The Petitioner was subsequently granted extra time to file her expert report, with the warning that no further extensions would be given.

Petitioner was to have filed her expert report by February 2, 2014 but failed to do so. Accordingly, on February 24, 2014 I issued an Order to Show Cause giving Petitioner one final chance to file her required expert report on or before March 31, 2014. Again Petitioner failed to do so. Instead, on April 14, 2014 – two weeks after her deadline to act had passed – Petitioner filed a motion requesting an extension of time. In it, she indicated that she had contacted an attorney on April 11th in hopes of retaining him as counsel in this matter. Since that time, however, nothing has been filed, and no attorney has appeared on behalf of Ms. Wansaw.

When a Vaccine Court petitioner (or plaintiff in other settings) fails to comply with orders to prosecute her case, a court may dismiss the matter. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); *see also Claude E. Atkins Enters., Inc. v. United States*, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Here, it is abundantly evident from the procedural history that Ms. Wansaw has repeatedly failed to adhere to the orders in this matter, thus establishing grounds for dismissal.

Additionally, my review of the record reveals insufficient evidence upon which an entitlement award could be based. To receive compensation under the Program, Petitioner must prove either 1) that Savanna suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that Savanna suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Savanna's alleged injuries were vaccine-caused.

---

[3] Petitioner's original Petition was composed solely of medical records for Savanna.

I am very sympathetic to Savanna's plight. But it is still Petitioner's duty to respond to court orders. Petitioner in this matter has been under order to file an expert report for almost two years, but has yet to do so. She has also been offered numerous extensions of time in which to act. As I reminded Petitioner in my February 24th Order to Show Cause, failure to follow the court's orders would result in the dismissal of her claim. Additionally, under the Act, a petitioner may not receive a Program award based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, making it impossible to succeed on her claim. §11(c)(1)(A).

**Thus, this case is dismissed for failure to prosecute and insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master